UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY A. WHITMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY DEPARTMENT OF COMMUNITY CORRECTIONS *et al.*,<br><br>    Defendants. | Case No. C05-5265RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 17th, 2005** |

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a motion for injunctive relief filed by plaintiff. (Dkt. # 6). Plaintiff is currently serving a sentence in the Pierce County Jail. He asks for immediate release from custody. Plaintiff alleges a "delusional love letter" he authored was not properly admitted into evidence. (Dkt. # 6).

    Plaintiff's motion needs to be placed into perspective and the court made aware of the procedural posture of this case. Plaintiff filed a 71 page complaint that is rambling and unfocused. In less then one months time he has filed 12 letters and 7 motions. The court has ordered plaintiff to file an amended complaint that complies with Fed. R. Civ. P. 8(a) and struck the remaining motions.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

The current motion must also be denied. Plaintiff may not challenge the fact or duration of confinement in a civil rights action.  His sole remedy to challenge his conviction and sentence is through habeas corpus with it's attendant exhaustion requirement.  Heck v. Humphrey, 512 U.S. 477 (1994).  Given the relief requested the normal standard for injunctive relief is inapplicable. No shortening of plaintiff's sentence or release from custody can be considered in a civil rights action and the remedy sought lies exclusively in habeas corpus.

## CONCLUSION

Plaintiff may not seek relief that calls into question the fact or duration of confinement in a civil rights action.  Accordingly, this motion for immediate release must be **DENIED.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 17th, 2005**, as noted in the caption.

DATED this 12th day of May, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2