UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY A. WHITMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY DEPARTMENT OF COMMUNITY CORRECTIONS *et al.*,<br><br>    Defendants. | Case No. C05-5265RBL<br><br>SECOND ORDER TO AMEND |

  This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has paid the filing fee and is not proceeding *in forma pauperis.* The original complaint in this action was over 70 pages long and did not comply with Fed. R. Civ. P. 8 (a). A complaint should contain a short plain statement showing the courts jurisdiction, a short plain statement of the claim showing the pleader is entitled to relief, and a statement of the relief sought in the action. The complaint was not accepted by the court and plaintiff was ordered to file an amended complaint that would act as a complete substitute.

  In response plaintiff filed a 5 page form civil rights complaint which he altered so it indicated it was both a civil rights complaint and a habeas corpus petition. He also filed a 40 page amended complaint. (Dkt. # 25 and 26). A person must be in custody to file a habeas corpus action. Plaintiff does not appear to be in custody, although he may meet the in custody requirement if he is still under

ORDER - 1

a current restraint such as community supervision. In either event he may not file a habeas petition in the same action as a civil rights action. If plaintiff wishes to file a habeas petition he will have to do that in a separate action.

Review of the proposed amended complaint reveals that plaintiff alleges he is a disabled veteran and suffers from mental illness. He alleges his illness make it difficult for him to stay on track. His allegations, if true, explain the short comings of the complaint and his failure to comply with the court's first order. Plaintiff seeks to challenge the hearing that led to revocation of his parole or community custody status. He also wishes to challenge medical and mental health treatment at the jail, mail policies and procedures. In addition he appears to challenge access to courts.

His proposed amended complaint contains examples of things that allegedly happened to other inmates, habeas corpus matters that cannot be maintained in this action, side notes and considerable unneeded wanderings including a five page chart. (Dkt. # 26 pages 16 to 26 and 35 to 40). However, the outline format and detail provided by plaintiff evidence high intellect and the ability to submit a proper complaint.

The court will not recommend dismissal of this action at this point in time. Plaintiff must submit a complaint that complies with Fed. R. Civ. P. 8 for this action to proceed. The Court directs plaintiff to fill out the form provided for the filing of a civil rights action by an inmate. Do not add information or facts relating to other inmates.

The clerk is directed to provide another blank form to plaintiff. The clerk is further directed to note the due date of **July 29th, 2005** on the court's calendar. Failure to file an acceptable complaint on or before that date will result in a Report and Recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED this 27th day of June, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER - 2