UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. WHITMORE,

    Plaintiff,

v.

PIERCE COUNTY DEPARTMENT OF COMMUNITY CORRECTIONS *et al.*,

    Defendants.

Case No. C05-5265RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**November 3rd, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a motion to dismiss this action for failure to perfect service or in the alternative for a more definite statement. (Dkt. # 56). This report deals only with that motion. A separate order will deal with all other pending motions.

    This case languished for over a year as a result of service issues. The procedural history of the case was set forth in the courts July 20th, 2006 order and will not be set forth in detail again. (Dkt. # 76). The fact is that of the nine named defendants in this action only two ever appeared and plaintiff has not moved for default.

    Pierce County admits that over a year after the action was filed it was finally properly served

REPORT AND RECOMMENDATION - 1

on August 15th, 2006. (Dkt. # 87, page 2). Defendant Patricia Brixey has very recently entered a notice of appearance and an answer. (Dkt. # 88 and 95).

In both the notice of appearance and the answer Ms. Brixey contests the adequacy of service of process. However, the defendant has answered the complaint. This answer includes raising affirmative defenses as goes well beyond a special appearance. (Dkt. # 95). The court now addresses the current motion to dismiss filed by Pierce County.

## DISCUSSION

Normally a person has 120 days to serve the defendants. Fed. R. Civ. P. 4 (m) states that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). This action was commenced April 11th, 2005. Service should have been accomplished on or before August 29th, 2005

The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

It is uncontested that Mr. Whitmore hired a private investigator to serve the defendants. On July 21st, 2005 that investigator attempted to serve Pierce County in a timely and proper manner. The

REPORT AND RECOMMENDATION - 2

investigator left a copy of service documents with the Pierce County Executive's receptionist. (Dkt. # 44). Pierce County admits to this service attempt. (Dkt. # 87, page 2). The county ignored this attempt at service, did not notify the court or plaintiff that service was being contested, and filed nothing.

Over eight months later, on March 30th, 2006, a special notice of appearance was entered by the county, but no other action was taken. (Dkt. # 53). On June 5th, 2006, well after the time for curing any defect in service, a motion to dismiss for lack of in personam jurisdiction was filed. (Dkt. # 56).

The record reflects that the county has been aware of this action since July 21st, 2005. Any defect in service could have been timely cured. The only reason it has taken until August of 2006 to properly serve the county is because the county, by its silence, lead the plaintiff and court to believe service was not at issue. Indeed, the receptionist for the county executive accepted service documents on July 21st, 2005. See, Dkt 44, (table showing who accepted service for each defendant).

The party to be serve, Pierce County, had actual notice of the action. Any prejudice to the defendants is the result of their silence in not bring this issue the courts and plaintiffs attention in a timely manner.

Plaintiff is certainly justified in not perfecting service until August of 2006, indeed, he had signed documents from a private investigator which would lead a person to believe service had been accomplished. Finally, Plaintiff is prejudiced if the case is dismissed. The filing fee has gone up and dismissal would result in a double payment of the fee. Further, delay in and of itself would be prejudicial.

The court recommends that Pierce Counties motion be **DENIED.** Defendant, Pierce County should be given ten days from the date an order regarding this report is entered to file an answer.

Given the delay in this case the motion for a more definite statement should not be entertained on the merits and should also be **DENIED.** A proposed order accompanies this report and recommendation.

REPORT AND RECOMMENDATION - 3

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 3rd, 2006**, as noted in the caption.

DATED this 28th day of September, 2006.

>    */S/ J. Kelley Arnold*
>    J. Kelley Arnold
>    United States Magistrate Judge

REPORT AND RECOMMENDATION - 4