UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. WHITMORE,

    Plaintiff,

    v.

PIERCE COUNTY DEPARTMENT OF
COMMUNITY CORRECTIONS *et al.*,

    Defendants.

Case No. C05-5265RBL

ORDER ON PLAINTIFF'S
MULTIPLE FILINGS FROM
SEPTEMBER 6TH, THROUGH
SEPTEMBER 22ND, 2006

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has paid the filing fee and is not proceeding *in forma pauperis*. The case has been the subject of multiple improper filings. Plaintiff has filed letters, "errata" and several unauthorized amended complaints. These filings have resulted in confusion and even resulted in persons who are not named defendants in this action appearing and filing motions. (Dkt. # 56)(motion to dismiss from Sunni Y. Ko).

On July 20th, 2006 the court entered an order dealing with a jurisdictional issue. (Dkt # 76). In that order the court specifically ordered plaintiff to follow a briefing schedule and file nothing further until the jurisdictional issue had been resolved. (Dkt. # 76).

The court stated:

"Since the filing of the motion to dismiss plaintiff has filed a response which

ORDER - 1

asks the court to recognize five new defendants John W. Ladenburg, County Executive, Eileen W. Bison, Chief of Corrections, Prosecutor Gerald A. Horne, Deputy prosecutor Sunny Y, Ko, Craig Adams Sheriff's Department Attorney. (Dkt. # 58). Plaintiff has also filed a number of other motions, amendments to motions, motions to withdraw and replace motions, errata, notices of joinder, and motions for relief. (Dkt. # 62 to 71).

All these motions are DENIED. Plaintiff's multiple improper filings have resulted in delay and confusion of this case. By way of example, plaintiff filed an amended complaint naming new parties without leave of court. This has resulted in confusion and in a person not properly a defendant filing a motion to dismiss. The only issue the court will consider at this time is whether the nine named defendants in the second amended complaint were properly served and if the court has in personam jurisdiction over those nine defendants. Plaintiff is instructed to follow the briefing schedule **and file no other documents at this time**."

(Dkt. # 76, page 7). (emphasis added).

Since entry of that order plaintiff has filed:

1. A application for writ of garnishment. (Dkt. # 86).

2. A motion for injunctive relief dealing with his VA benefits, (Dkt # 89).

3. A motion to recuse the Washington State Attorney General's Office from representing a defendant. (Dkt # 90).

4. A motion for discovery. (Dkt # 91).

5. An "errata" to the motion for discovery. (Dkt. # 92).

6. A motion to add state defendants. (Dkt # 93).

7. A notice of intent to file a chronology of events. (Dkt # 96).

8. An affidavit in response to defendant Brixley's answer. (Dkt # 97).

9. An "errata" to the affidavit challenging the affirmative defenses in the answer. (Dkt. # 99).

The court is still dealing with a jurisdictional issue raised by Pierce County. Further, there is no response allowed to an answer unless the answer contains a cross claim. In addition, this court will not entertain any motion for injunctive relief against persons who are not parties to this litigation. To date the parties are Mr. Whitmore, Pierce County, and Patricia Brixley.

In several pleadings in this action plaintiff has made reference to his mental illness. Plaintiff has also referenced his having an obsessive compulsive disorder. Indeed, it took several attempts

ORDER - 2

before plaintiff filed a complaint this court found acceptable.

The court will not enter sanctions at this time, however, the motions and documents listed above will not be considered on the merits. When this court enters an order to file no further pleadings until an issue is resolved the court means file nothing further until the issue is resolved.

Until the District Court enters an order regarding the Report and Recommendation on Pierce County's motion to dismiss, plaintiff is instructed to file no further pleadings. The only possible exception would be if another party files a motion. Plaintiff may then file one responsive pleading.

The clerk is directed to send a copy of this order to plaintiff and to counsel for the defendants who have appeared and remove docket entries 86, 89, 90, 91, 92, 93, 96, 97, and 99 from the courts calendar.

DATED this 28th day of September, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER - 3