UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. WHITMORE,

    Plaintiff,

v.

PIERCE COUNTY DEPARTMENT OF
COMMUNITY CORRECTIONS *et al.*,

    Defendants.

Case No. C05-5265RBL

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTIONS RENOTING PENDING
MOTIONS FOR SUMMARY
JUDGMENT AND EXTENDING THE
DISPOSITIVE MOTION DEADLINE

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are a number of motions, and other filings that contain motions, filed by plaintiff after defendant Pierce County moved for partial Summary Judgment. The motions are:

1. Motion to amend the complaint with a renewed motion for reimbursement of costs for service and a request the marshals serve the amended complaint (Dkt. # 118). This motion was filed December 26, 2006.

2. Motion asking to submit evidence and attempting to serve interrogatories by filing them with the court (Dkt. # 119). This document was filed December 29, 2006.

3. Motion for discovery, plaintiff wants the court to subpoena e-mails from Comcast that he and a non party sent to each other (Dkt. # 120). This motion was filed December 30, 2006.

4. Motion asking the court to order a psychiatrist from the National Institute of Mental Health answer interrogatories. Plaintiff also asks the court to order disclosure of performance studies from the State Department of Corrections. Plaintiff indicates he was informed the performance studies he is seeking do not exist. (Dkt. # 121). This motion was also filed December 30, 2006.

ORDER - 1

5. Motion to obtain interrogatories from the American Lake VA Pharmacist (Dkt. # 122). This motion was also filed December 30, 2006. The request appears to be in response to defendants motion for summary judgment.

6. Motion to order interrogatories be answered by specific county jail medical clinic personnel. Plaintiff seeks information on staffing levels and authority to prescribe medication (Dkt. # 123). This motion was filed December 31, 2006.

7. Motion to introduce evidence and obtain interrogatories from two former inmates at the Pierce County Jail (Dkt. # 125). This motion was filed December 31, 2006.

8. The affidavit of plaintiff (Dkt. # 127). This document contains arguments against summary judgement, legal argument, and a motion to delay hearing summary judgment pursuant to Fed. R. Civ. P. 56 (f). This document was filed January 6, 2007.

9. Motion to compel issuance of subpoenas (Dkt. #140). This title of this motion is misleading. Plaintiff has filed this motion in anticipation of objections to subpoenas he is serving. The motion was filed January 22, 2007.

## Procedural History

This action was originally filed in April of 2005. Plaintiff sent numerous letters to the court before the action was docketed. Plaintiff also began filing motions to change the scope of his litigation. On May 12, 2005, the court entered the first order in this action (Dkt. # 21). The court struck six of the seven motions plaintiff had filed and instructed him to file an amended complaint.

On June 20, 2005, plaintiff filed his amended complaint (Dkt. # 25). This complaint was deficient and plaintiff was again ordered to amend (Dkt. # 26). In the next four months, plaintiff filed four different complaints (Dkt. # 29, 30, 33, and 40). As plaintiff was not proceeding *in forma pauperis* the court had no involvement in any attempt at service.

More than one year later, on July 20, 2006, the court entered an order in an attempt to clarify this action (Dkt. # 76). The court determined the operative complaint in this action was filed July 7, 2005 and is (Dkt. # 30). All other complaints, errata to complaints, and other improper filings were struck. The case was stayed pending a decision on jurisdictional issues.

In disregard of the courts' order not to file further pleadings, in September of 2006 plaintiff again began filing motions tangential to this action (Dkt. # 89). He also began making improper discovery requests. On September 28, 2006, the court entered an order striking these filings,

ORDER - 2

declining to impose sanctions, and warning plaintiff (Dkt. # 101). On this same day, the court entered a Scheduling Order, (Dkt. # 102). Discovery was to be complete by February 28, 2007. Dispositive motions were due on or before March 31, 2007.

In November the County answered the second amended complaint (Dkt. # 106). Plaintiff has continued to file improper discovery requests and improper motions. In particular plaintiff continues in his attempts to serve interrogatories on non parties (Dkt. # 119, 121, 122, 123, and 125).

Plaintiff also files anticipatory motions and interwoven in his pleadings are comments and side notes that are not helpful or proper in judicial proceedings (Dkt. # 140 (anticipatory motion)); (Dkt. # 140 (antidotes about the little drummer boy)); ( Dkt. # 131 (life history and pictures of family in pleadings)); ( Dkt. # 142 (unwarranted attack on opposing counsel because they do not accept e-mail from opposing parties)).

## Discussion

1. Motion to amend (Dkt. # 118).

The motion to amend is **DENIED.** Discovery in this action is nearly complete. The addition of new defendants and new claims at this point in time is prejudicial to defendants. Plaintiff seeks to add the Secretary of the Department of Corrections, the Governor of Washington, and the Washington State Attorney General as defendants.

He makes no showing how any one of these people violated any duty or right owed him under the United States Constitution. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Amendment would be futile.

2. Discovery requests (Dkt. # 119, 120, 121, 122, 123, and 125).

A. Attempts to submit "evidence" (Dkt. # 119).

Plaintiff has submitted documents to the court, (Dkt. # 119). The court cannot rule on the

ORDER - 3

admissibility of those documents at this point in time. A ruling on admissibility cannot occur until the relevance of the document is considered in light of the argument being made. Thus, free standing documents may become part of the file, but they are not admissible until there is an argument or motion before the court. Only when the argument is before the court do both sides have a chance to argue what may or may not be admissible. The motion to submit evidence is **DENIED WITHOUT PREJUDICE.**

      B.      <u>Interrogatories to non parties (Dkt. # 121, 122, 123, 125)</u>.

Federal Rule of Civil Procedure 33 allows the sending of "Interrogatories to Parties." The sending of interrogatories to non parties is not generally allowed because the non party is not represented and is not properly before the court. In addition, the opposing side loses the ability to object to improper questions, losses the ability to cross examine, and cannot halt the proceedings to seek a protective order if one is needed. The motions to submit interrogatories to non parties are **DENIED**.

      C.      <u>E-mails sent and received from non parties (Dkt. # 120)</u>.

Plaintiff seeks to obtain e-mails he exchanged with a non party to this litigation. He asks the court to subpoena this information from Comcast. Plaintiff has not shown why this information is relevant and has failed to show the person he sent the e-mails to is not available to provide an affidavit or deposition as to the conversations.

From plaintiff's motion, and the titles to the e-mails, it appears this potential witness may have counseled plaintiff regarding his infatuation with a person (Dkt. # 120). This information is connected to Mr. Whitmore's parole revocation. Mr. Whitmore was subject to a no contact order. When that order was allegedly violated, Mr. Whitmore's parole was revoked. Any, claims relating to a finding of guilt in a probation hearing or the length of plaintiff's sentence cannot be litigated in a civil rights action and must proceed in habeas corpus. <u>Heck v Humphrey</u>, 512 U.S. 477 (1994). Thus, the information Mr. Whitmore appears to be seeking is irrelevant to the issue remaining in this case. The issues in this case are conditions of confinement at the Pierce County Jail and Mental Health treatment at the Pierce County Jail. The motion is **DENIED**

ORDER - 4

D.     Performance Studies.

Plaintiff seeks performance studies from the Washington State Department of Corrections. The Plaintiff sought these studies through a Freedom of Information Act request and was informed there are no such documents. Unless plaintiff has proof that the documents in fact do exist, this motion is frivolous. The court cannot order a party to produce something that does not exist. The motion is **DENIED.**

E.     Delay of defendants motions for summary judgement.

In his affidavit plaintiff states:

> The first thing to note about defendant Pierce County's current motion for a partial summary judgment is that it is premature. *Fed.R.Civ.Procs. 56.f, 57, 62 and 65* apply. Not all of the facts are in. These rules of civil procedure provide plaintiff with sufficient grounds for requesting some interlocutory decisions to permit discovery to be completed, prior to issuing favorable declaratory, monetary and injunctive relief for the plaintiff. Plaintiff still has outstanding discovery requests, the last of which is *Dkt. 125*, entered 12/31/2006 and noted for 1/19/2007, or as the Good Court sees fit. Until all of plaintiff's motions for collecting evidence have been reviewed and ruled upon and processed with the evidence returned before this Good Court, it is inappropriate for defendants to presume that any form of summary judgment could be rendered. Plaintiff states for the record that *Dkt. 125* is the last motion for discovery plaintiff expects to file, provided the evidence produced by his discovery motions does not identify any need to explore further by taking depositions. However, plaintiff does not anticipate this will be the case provided the complete set of his discovery motions are processed fully.

(Dkt.# 127, page 1). The court considers this argument as a motion to renote defendants pending motions for summary judgment until after discovery is complete.

Fed. R. Civ. P. 56 (f) allows a court to refuse or delay an application for judgment in order for discovery to be obtained. Here, some of the main contentions the court must consider are what medication the Medical Lake VA hospital had prescribed to Mr. Whitmore, what steps Pierce County took to obtain that information, and whether the VA hospital's treatment regiment was continued altered or delayed and if so why. Mr. Whitmore is entitled to seek discovery from the V.A. and should be able to place his medical records before the court.

Discovery was to be complete by February 28, 2007, Dispositive motions were due on or before March 31, 2007 (Dkt. # 102). While nothing in the rules prevents defendants from bringing motions at this point in time, the court wishes to ensure Mr. Whitmore has an adequate chance to

ORDER - 5

properly oppose the motions. A short continuance of the summary judgment motions is in order. The Court is mindful that defendant Pierce County wished to file multiple motions and the scope of the second motion is of course dependent on the result of the first motion. Defendant Pierce County's motion for partial summary judgement, (Dkt. # 113), and defendant Brixey's motion for summary judgment, (Dkt. # 126), will be heard on **April 6, 2007.** Any response plaintiff wishes to file regarding either motion will be filed on or before **March 23, 2007** in one document. Any reply defendant wish to file must be received on or before **March 30, 2007.** Plaintiff is warned the court will not accept multiple or partial responses. Plaintiff may file only one response. Any further dispositive motions must be filed by **April 27, 2007.**

      F.     <u>Anticipatory motions (Dkt. # 140)</u>.

Plaintiff files a motion to compel compliance with his subpoenas. The ability to enforce a subpoena depends in part on whether all legal requirements regarding service of a subpoena were met. That issue is not properly before the court at this time and this motion is premature. The motion is **DENIED WITHOUT PREJUDICE.**

Conclusion

The clerk is directed to renote the two summary judgments, (Dkt. # 113 and 126), for **April 6, 2007.** Note the new dispositive motion cut off date or **April 27, 2007**. Note the dates for a response and reply**, March 23, 2007** and **March 30, 2007** remove (Dkt # 119, 120, 121, 123, 125,127, and 140), from the court calendar. send a copy of this order to plaintiff and counsel for defendants.

DATED this 2 day of February, 2007.


                                                      /S/ *J. Kelley Arnold*
                                                      J. Kelley Arnold
                                                      United States Magistrate Judge

ORDER - 6