UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. WHITMORE,

    Plaintiff,

    v.

PIERCE COUNTY DEPARTMENT OF
COMMUNITY CORRECTIONS *et al.*,

    Defendants.

Case No. C05-5265RBL

ORDER GRANTING IN PART AND
DENYING IN PART PENDING
MOTIONS

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are a number of motions filed by the parties. The motions are:

1. Defendants motion to strike the declaration of Perrin Walker (Dkt. # 143, filed January 25, 2007). Defendants notice of joinder in the motion to strike (Dkt. # 146, filed January 26, 2007).

2. Plaintiff's motion for an extension of time to complete discovery (Dkt. # 153 filed January 31, 2007).

3. Plaintiff's motion to compel disclosure of a letter, motion for cooperation setting depositions, and motion for jail inspection (Dkt. # 154, filed February 1, 2007). Plaintiff's amended motion relating to (Dkt. # 154) (Dkt. # 155) Filed February 2, 2007).

4. Defendants motion to quash subpoenas, terminate depositions, and for a protective order (Dkt. # 160, filed February 6, 2007).

ORDER - 1

Procedural History

These motions are part of a continuum of motions relating to discovery in this action. On February 2, 2007, the Court issued an order regarding discovery that addressed a number of motions. These four motions were either not ripe for review, or had not been filed.

Discussion

1. <u>Motion to strike affidavit of Perrin Walker (Dkt. # 143)</u>.

The vast majority of Mr. Walker's declaration is irrelevant to any issue before this court. There is nothing in the first four pages of the declaration that is admissible in this case and the court will not consider the first four pages of the declaration.

The only relevant portion of the declaration would be Mr. Walker's testimony regarding phone conversations between the plaintiff and Mr. Walker while plaintiff was incarcerated at the Pierce County Jail (Dkt. # 141, ¶ 4). Defendants argue the "evidence" is inadmissible under Fed. R. Evid. 701 and 702 (Dkt. # 143, page 3). The court cannot evaluate the "evidence" as there is no indication from the plaintiff why he is offering the evidence or to what motion the document relates. This has been an ongoing problem with many of the documents submitted by the plaintiff.

The document will remain in the file. Either party is able to cite to the information in ¶ 4. If the paragraph is cited in a motion, or in a proper response to a motion, the opposing party may raise objections at that time. The court notes the declaration of David Crockett, (Dkt. # 159), suffers from the same defects. This order applies to that declaration as well. The motion is **GRANTED IN PART AND DENIED IN PART**.

2. <u>Motion for an extension of time to complete discovery requests (Dkt. # 153)</u>.

Discovery in this case is scheduled to end February 28, 2007. An extension of time is not warranted. The court will separately deal with outstanding requests that have not been met such as deposition of non parties. The motion to extend discovery deadlines is, however, **DENIED.**

3. <u>Motion to compel disclosure of the letter allegedly sent while plaintiff was incarcerated. To seek cooperation in setting depositions, and motion for an independent inspection of the Jail (Dkt. # 154 and 155)</u>.

A. <u>Disclosure of the letter</u>.

ORDER - 2

The State of Washington defendant, Ms. Bixey, has given plaintiff a copy of the letter he allegedly sent that resulted in a parole revocation. Plaintiff seeks to have "both sides of the document or envelope provided to him (Dkt. # 154). Counsel for the defendant has responded and states the document is in evidence in Pierce County Superior Court under seal and the state has provided what they have.

The issue in this case is the adequacy of mental health treatment provided at the Pierce County Jail, not the propriety of plaintiff's parole revocation. Further, defendant cannot be compelled to produce something that is not in her control. The motion is **DENIED.**

B.   Cooperation in setting depositions.

On February 2, 2007 when the court entered the order regarding discovery, the court informed plaintiff that his ability to enforce a subpoena, served on a non party, rested "in part on whether all legal requirements regarding service of a subpoena were met" (Dkt. # 157, page 6).

The court cannot give legal advice to a party. Here, defendants have noted some of the legal requirements plaintiff has not met (Dkt. # 160). These short comings include: 1) hiring and paying for a court reporter or obtaining advance agreement from the parties on how the deposition will be recorded; 2) Hiring a notary public to swear in the witnesses or place them under oath if a court reporter is not used; 3) Supplying witnesses with one days travel and witness fees (Dkt. # 160).

Counsel for defendants properly raise the objections in the above paragraph (Dkt. # 160). However, Pierce County has also raised the issue of serving documents on employees who work for the jail and are not parties to this action (Dkt. # 148, page 1). Counsel indicates they are not authorized to accept service for these non parties (Dkt. # 148, page 1). The court does not expect counsel to accept service for non parties, however, the court does expect counsel to act reasonably in facilitating or allowing access to these non parties for the purpose of service. In this case the non parties work in the Pierce County Jail, plaintiff does not have access to the non parties that would allow for service of subpoenas on the work cite and the plaintiff does not have home addresses for these non parties. The court expects counsel to cooperate by forwarding the documents to the jail for service, or by providing information on how the jail will allow for service.

ORDER - 3

The court notes that on at least one occasion, a process server attempted to serve subpoenas for jail personnel on counsel for the named Pierce County defendants. The proof of service reflects the following information "'Jane Doe' (name refused). White female, 50's, 5' 7", 140 lbs., dark hair. Assistant to Daniel Hamilton" (Dkt. # 145, attachments).

Pierce County has objected to service of interrogatories on non parties. Now, service of subpoenas is becoming difficult. Plaintiff is entitled to discovery prior to having to respond to dispositive motions. The court is concerned counsel may not be fully cooperating by helping to facilitate service of subpoenas on Jail personnel.

The court now **ORDERS:**

Counsel for Pierce County defendants will submit a letter indicating what the Counties preference is for allowing for service on the non party Jail employees. A response is due on or before **March 9, 2007**. Until the issue of depositions on non parties county employees is resolved this action is **STAYED**.

C.  Motion for independent inspection of the mental health treatment at the Pierce County Jail.

Plaintiff has repeatedly raised this issue in response to motions, or as part of a multi issue response. On September 8, 2006, he filed a motion asking for an independent inspection (Dkt. # 91). That motion was struck on September 28, 2006 as the court had not yet reached the merits and there was a jurisdictional issue before the court (Dkt. # 101).

Plaintiff did not renew his motion after an answer was filed and instead filed a motion to compel (Dkt. # 109, filed December 2, 2006). In the motion to compel Plaintiff asked that the U. S. Department of Health conduct an inspection. The motion was denied and the court stated "[a]n inspection by the U.S. Department of Health would not show conditions during the time frame relevant to this action, 2004. Further, if plaintiff wishes to pursue discovery from any entity he needs to read and follow the Federal Rules of Civil Procedure and this Courts' Local Rules." (Dkt. # 152, filed January 30, 2007).

Plaintiff again raised the issue in a reply filed January 29, 2007 (Dkt. # 151). He stated "The

ORDER - 4

jail mental health inspection has been postponed and is deferred until the court's appointment of one or more psychiatrist inspectors and the successful completion of their advance background checks." (Dkt. # 151, page 4, filed January 29, 2007). There was not a pending motion to appoint an independent mental health inspector then before the court that the court was aware of at that point in time. Plaintiff again raises the issue on two days later on February 2, 2007 in a motion to compel (Dkt. # 155).

Plaintiff was housed in the Pierce County Jail in 2004. An inspection of the jail now, in 2007, does not show the conditions to which he was subjected. Nor would it necessarily show the state of the services available to him. Further, plaintiff does not have an expert identified for the court. The motion for an independent inspection is **DENIED.**

    4.    <u>Defendants motion to quash subpoenas, terminate depositions, and for a protective order</u>.

If plaintiff does not reach an agreement with counsel on how a deposition will be recorded he will need to hire a court reporter or file a motion with the court. If an agreement is reached on recording the depositions, he will still need to make arrangements for a notary public to administer an oath to the witness. As plaintiff did not comply with all legal requirements his current round of subpoenas is not enforceable.

The court will not terminate deposition in this case or enter a protective order. To the contrary, the court expects the parties to work together to reach a solution to this discovery issue. If an agreement cannot be reached, plaintiff may file a motion asking for court action which may include taking depositions of non parties by written questions.

Plaintiff asks for the court to pay for reporters in his responses to motions (Dkt. # 155). Plaintiff is not proceeding in forma pauperis. Even if he were, the in forma pauperis status does not waive the costs associated with litigation other than the filing fee. Plaintiff must pay for all other costs of litigation, including the cost of a court reporter if that is the means the parties agree on for recording a deposition he coordinated with defendants' counsel.

<u>Conclusion</u>

ORDER - 5

This action is now **STAYED** until the discovery issue has been resolved. Once this issue is resolved the defendants may re-note their pending motions for summary judgment. Counsel for the Pierce County defendants will file a letter explaining to the court the Counties preferred method for serving a subpoena on non party Pierce County Jail employees on or before **March 9, 2007.** The clerk of court is direct to remove all pending motions in this case from the court's calendar and note the **March 9, 2007**, deadline.

DATED this 22 day of February, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER - 6