UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. WHITMORE,

        Plaintiff,

     v.

PIERCE COUNTY DEPARTMENT OF
COMMUNITY CORRECTIONS *et al.*,

        Defendants.

Case No. C05-5265RBL

ORDER CLOSING DISCOVERY,
RULING ON PENDING MOTIONS,
AND, RE-NOTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to

Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff paid the full filing fee and is not proceeding *in forma*

*pauperis.*    Before the court is plaintiff's motion to compel production of discovery (Dkt. # 189).

Defendant Brixey has responded, (Dkt. # 193), plaintiff has replied (Dkt # 195).  The captions to the

motions are some what misleading as both the original motion and defendant's response contain

multiple motions.  The court will attempt to rule on each sub-motion it has identified in the

pleadings.

<u>PROCEDURAL FACTS</u>

      This action challenges Mental Health treatment and conditions of confinement at

the Pierce County Jail.  While plaintiff continues to attempt to litigate issues surrounding his

ORDER - 1

probation revocation, those issues are not properly part of this litigation. As early as May 2005, the court stated that issues surrounding his probation revocation were not and could not be part of a civil rights action (Dkt. # 22, Report and Recommendation). In February of 2007 the court again informed plaintiff that issues surrounding his probation revocation could not be part of this action (Dkt. # 157, page 4). The court specifically informed plaintiff "[t]he issues in this case are conditions of confinement at the Pierce County Jail and Mental Health treatment at the Pierce County Jail." (Dkt. # 157, page 4).

Discovery in this action was to be concluded by February of 2007. Defendants moved for partial summary judgment in January of 2007, prior to the close of discovery (Dkt. # 113 and 126). Plaintiff objected to having to address those motions prior to obtaining discovery related to Mental Health treatment. The court granted plaintiff a continuance (Dkt. # 157). The discovery plaintiff placed before the court at that time dealt with mental health medication and conditions in the jail, not the plaintiff's probation violations. See (Dkt. # 157).

Twenty days after entering the continuance the court found it necessary to stay this action (Dkt. # 170). The stay was entered until a discovery issue with Pierce County was addressed. Plaintiff was attempting to depose Jail employees and his attempts to serve subpoenas appeared to be impeded. Pierce County quickly responded to the stay and provided information on how plaintiff could proceed with his discovery.

Plaintiff now seeks to compel production of documents from the state defendant, as opposed to the county defendants. The documents relate to the propriety of his probation revocation (Dkt. # 189). In particular he seeks a copy of a letter that was part of his probation violation. There was a no contact order in place between the plaintiff and another person. The sending of a letter resulted in probation revocation proceedings.

Plaintiff has already received a copy of the letter but, now argues the margins of the copy he has already received were not properly copied (Dkt. # 189). In his motion plaintiff again asks for a copy of the letter which has all the margins readable. Plaintiff also seeks a substantial amount of statistical data on Community Corrections Officers and when they seek probation revocations. (Dkt.

ORDER - 2

1    # 189, page 4).  See Also, (Dkt. # 184 (Letter to counsel outlining the statistical data including

2    performance statistics for all Community Corrections Officers working in Pierce County)).  Plaintiff

3    includes a request for sanction under Fed. R. Civ. P. 37 (a)(2)(B) (Dkt. # 189, page 4).

4        In response the state defendant moves to quash a subpoena for deposition and moves for a

5    protective order.  The state defendant also seeks to re-note the pending motions for summary

6    judgment (Dkt # 193).

7                                              DISCUSSION

8        A.    Motion to Compel

9        Discovery in this case was left open only for outstanding discovery such as the depositions of

10   county employees or persons who might have information **relevant to plaintiff's Mental Health**

11   **treatment or the conditions of confinement**.  Plaintiff had attempted to serve a number of

12   subpoenas and his attempts did not result in the depositions taking place.  In at least one instance,

13   plaintiff left subpoenas for non parties with defense counsel's staff.  The court did not envision Mr.

14   Whitmore again attempting to obtain copies of documents or raising any issues connected to his

15   probation revocation.

16       Plaintiff's attempts to obtain discovery aimed at his probation revocation or how other

17   Community Corrections Officers have performed their jobs is beyond the scope of this action and the

18   burden of providing this information far outweighs any nominal relevance the information might

19   have.  As defense counsel noted in her March, 21, 2007 letter, discovery in this case closed February

20   28, 2007.  "The Court did allow for more time to deal with the outstanding deposition subpoenas

21   you had served.  This was the *only* discovery the Court left pending"  (Dkt. # 189, attached

22   letter)(emphasis in original).

23       The court has addressed the issue of plaintiff attempting to obtain copies of the letter which

24   resulted in his probation revocation before (Dkt. # 170).  The letter has very little, if any, relevance

25   to what mental health treatment plaintiff received and the conditions of confinement that plaintiff was

26   subjected to at the County Jail.  Further, how other persons performed the job of Community

27   Corrections Officer in the Pierce County area is clearly not relevant to this case.  Plaintiff's motion to

28   ORDER - 3

1    compel discovery is **DENIED.**

2            B.        Sanctions.

3            Plaintiff's motion for sanction under Fed. R. Civ. P. 37 (a)(2)(B).  Sanctions and expenses

4    are actually addressed in Fed. R. Civ. P. 37 (a)(4)(A, B, and C).  As plaintiff did not prevail in his

5    motion to compel, sanctions are not appropriate.

6            C.        Defendant Brixey's Motion to Quash the Subpoena for Deposition of a DOC Official.

7            Defendant Brixey states:

8                    A party may obtain discovery only regarding matters "relevant to the claim or
      defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). The Court may limit discovery if
9      the discovery sought "is obtainable from some other source that is more convenient,
      less burdensome, or less expensive". Fed. R. Civ. P. 26(b)(2). The court may order
10     that requested discovery not be had, or may be had only in a specified manner,
      including limiting the type of discovery allowed. Fed. R. Civ. P. 26(c).

11                   Furthermore, the Plaintiff has not been able to produce any means for
12     recording this deposition beyond his proposal to digitally record the deposition on his
      own recorder. He has stated that he would have a notary public available for a limited
13     time. Docket Nos. 178 & 173.  Defendant Brixey would not agree to this method of
      recording because the Plaintiff would maintain care and control of this recording and,
14     as it is in digital format, could be easily manipulated. The Plaintiff has not been able to
      propose any other method for recording the deposition. The Plaintiff has also failed to
15     provide any sort of witness fee or travel cost as required for a subpoena.

16                   As the Court previously noted in its order dated February 22, 2007, "the issue
      in this case is the adequacy of mental health treatment provided at the Pierce County
17     Jail, not the propriety of plaintiff's parole revocation". Any information regarding any
      other DOC employee is irrelevant to the lawsuit filed by the Plaintiff. The Plaintiff
18     attempts to argue that he needs to compare other DOC employee's work to
      Defendant Brixey's. This doesn't make the information relevant. The Plaintiff cannot
19     show that the information he is seeking is remotely relevant to the lawsuit.
      Defendant's counsel has requested that he pare these questions down to questions to
20     only those regarding Defendant Brixey, but he has refused to do so. Docket No. 184,
      Letter from Amanda M. Migchelbrink to Mr. Whitmore dated March 2, 2007; See
21     also Exhibit 1, Declaration of Amanda M. Migchelbrink. Defendant respectfully
      requests that the Court quash the depositions because the depositions will not
22     produce evidence relevant to this lawsuit and the Plaintiff has failed to provide
      sufficient methods for recording the deposition.

23    (Dkt. # 193, pages 3 and 4).

24            In reply to defendant Brixey's pleadings and motions plaintiff makes clear he is still

25    attempting to litigate the propriety of his probation revocation.  Plaintiff is attempting to obtain a full

26    copy of the letter.  He states:

27

28    ORDER - 4

. . . 1. Defendant Brixey is unable or unwilling to produce the whole delusional love letter and its whole envelope; 2. The delusional love letter contained conditional release instructions; and, 3. Defendant Brixey knew this at the time she filed her application with the court to have my probation revoked. <u>This information is requested for any collateral habeas corpus claim the Good Court might be willing to entertain with this action or for any future habeas corpus claim that might be considered.</u>

(Dkt. # 195, page 1 and 2)(emphasis added).  The court does not entertain discovery on cases or issues that are not before the court.  To do so would violate the actual case and controversy requirement.  The letter that resulted in plaintiff's probation revocation is not germane to this action.

With regard to the performance statistics of other Community Corrections Officers plaintiff argues:

<u>Rebuttal: The DOC Records are Relevant</u>: The "reasonably calculated to lead to discovery of admissible evidence" argument that state counsel invokes is strongly mitigated by the arguments shown in Dkt. 184 pgs. 8-9 and Dkt. 187 pgs. 3-4. Even so, this discovery has tremendous probative value in demonstrating several things: 1. Defendant Brixey acted maliciously. 2. This malice was part of an improper ambient professional and social environment enjoyed by Pierce County jail keepers and medical personnel. 3. This customarily derogative environment in perceiving both inmates and their medical needs created disaffection that lead to carelessness and deliberate neglect. Therefore, it is calculated to lead to admissible evidence. Furthermore, state counsel has provided misleading information and has not provided the appropriate facts for determining how easily and conveniently this evidence can be produced.

(Dkt. # 195, Page 3).

The inquiry into causation in a Civil Rights Action is individualized and focuses on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff has failed to place any evidence before the court to show how defendant Brixey could be liable for any actions of the Pierce County Jail staff.  Ms. Brixey is an employee of the Washington State Department of Corrections.  Plaintiff's argument is not well taken.  Plaintiff goes on to argue defendant Brixey does not enjoy immunity.  He defines immunity from liability, as not including immunity from discovery (Dkt. # 195, page 4).  Plaintiff is in error.  The Supreme Court has held:

...[W]e conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery. We therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their

ORDER - 5

1    conduct does not violate clearly established statutory or constitutional rights of which
     a reasonable person would have known.

2
3    <u>Harlow v Fitzgerald</u>, 457 U.S. 800, 817-818 (1982).  Defendant Brixey's motion to quash the

     subpoena is **GRANTED.**

4
           D.      <u>Defendant Brixey's Motion for a Protective Order.</u>

5
6          In the alternative, if the subpoena is not quashed, defendant Brixey asks the court to enter a

     protective order.  As the subpoena has been quashed, this issue appears moot.

7
           E.      <u>Re-noting Summary Judgment Motions.</u>

8
9          Defendant's summary judgment motions, (Dkt., # 113 and 126), were re-noted for April 6,

10   2007.  The case was later stayed so the court could consider discovery issues.  Both motions, (Dkt. #

11   113 and 126), will be re-noted for **May 25, 2007.**  Any response plaintiff wishes to make to the two

12   motions should be made in one document of no longer that 24 pages and must be filed on or before

     **May 18, 2007.**  Any reply must be filed on or before **May 25, 2007.**

13
           The clerk is directed to send a copy of this order to plaintiff, and counsel for defendants.  The

14
15   clerk is directed to remove docket number 189 from the court's calendar and re-note Docket

     numbers 113 and 126 for **May 25, 2007.**

16
17         DATED this 27 day of April, 2007.

18
19
20                                          */S/ J. Kelley Arnold*
                                            J. Kelley Arnold
21                                          United States Magistrate Judge

22
23
24
25
26
27
28   ORDER - 6