1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

TIMOTHY A. WHITMORE,

13

        Plaintiff,

14

       v.

Case No. C05-5265RBL

15

PIERCE COUNTY DEPARTMENT OF
COMMUNITY CORRECTIONS *et al.*,

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS AND
CLOSING DISCOVERY

16

17

        Defendants.

18

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to

19

Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff paid the full filing fee and is not proceeding *in forma*

20

*pauperis.*   Before the court is plaintiff's motion for sanctions regarding discovery.  Three different

21

versions of the motion were filed (Dkt. # 199, 200, and 201).  The court accepts the final version as

22

the document plaintiff wishes the court to address (Dkt. # 201).  Defendants have responded, (Dkt. #

23

204, 205, and 206), plaintiff has replied (Dkt # 208).  The pleadings in this action are becoming

24

increasingly acrimonious.  The parties are cautioned.  This court does not condone such behavior.

25

      Local Rule 37 (a)(2)(A) mandates the parties meet and confer prior to a motion to

26

compel being filed.  While this may not technically be a motion to compel, plaintiff seeks sanctions

27

28

ORDER - 1

1
2
for alleged discovery abuses.  The rule applies.  The failure of the parties to meet and confer, in and of itself, is grounds for denial of this motion.

3
4
5
6
7
On the merits, plaintiff's motion is also denied.  The defendants allege the discovery requests in question were never properly served (Dkt. # 204, page 2).  In response plaintiff directs the court to (Dkt. # 140).  This document is titled "Notice that Service of Subpoenas is Imminent; Subpoenas Have Been Delivered to Processor; Advance Notice of Contents of Those Subpoenas."  The filing does not purport to be service itself.

8
9
10
11
12
13
14
Despite the lack of properly served subpoenas, the defendants allege they have given Mr. Whitmore access to the files in their possession and allowed him to make copies at his own expense (Dkt. # 204, page 3).  Defendants contend that if Mr. Whitmore does not have a copy of a document it is because he did not copy it, or it is not in the defendants possession.  Plaintiff claims he is not always provided with every page of document.  He notes several faxes begin with page numbers higher than one.  In the case of faxes the defendants aver the first page and sometimes the first two pages are cover sheets and requests which are not normally saved.

15
16
17
18
19
20
21
22
Mr. Whitmore replies and argues many documents are now missing from his files, and he alleges some unnamed entity has removed several documents important to his case (Dkt. # 208).  He asks that several of his allegations be considered as proven in both his initial motion and in his reply (Dkt. # 201, page 2, Dkt. # 208, page 6).  Plaintiff cites to Fed. R. Civ. P. 26 and 37 as authority for the courts ruling certain "facts" as established.  Fed. R. Civ. P. 26 does not support plaintiffs position.  Fed. R. Civ. P 37 (b)(2)(A) allows a court to take facts as established if a party has failed to comply with a prior court order.  Here, there has been no failure to comply with a prior court order.

23
24
25
26
27
This action challenges Mental Health treatment and conditions of confinement at the Pierce County Jail.  Discovery in this action was to be concluded by February of 2007.  Defendants moved for partial summary judgment in January of 2007, prior to the close of discovery (Dkt. # 113 and 126).  Plaintiff objected to having to address those motions prior to obtaining discovery related to Mental Health treatment.  The court granted plaintiff a continuance (Dkt. # 157).

28
ORDER - 2

1

2

Twenty days after entering the continuance the court found it necessary to stay this action (Dkt. # 170).  The stay was entered until a discovery issue with Pierce County was addressed.

3

4

Plaintiff was attempting to depose Jail employees and his attempts to serve subpoenas appeared to be impeded.  Pierce County quickly responded to the stay and provided information on how plaintiff

5

could proceed with his discovery.

6

Plaintiff now seeks sanctions, but he fails to show his requests for discovery were ever

7

properly served as requests.  Further, defendants aver they have given plaintiff access to the

8

documents in their possession. Plaintiff's motion for sanctions is **DENIED.**   Discovery in this action

9

was to have been concluded in February of this year.  Discovery is now closed.

10

The clerks office is directed to send a copy of this order to plaintiff and counsel for

11

defendants.

12

13

DATED this 24 day of May, 2007.

14

15

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 3