UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. WHITMORE,

Plaintiff,

v.

PIERCE COUNTY DEPARTMENT OF COMMUNITY CORRECTIONS *et al.*,

Defendants.

Case No. C05-5265RBL

REPORT AND RECOMMENDATION

**NOTED FOR: August 17, 2007**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant Pierce County's motion for summary judgment as to all remaining claims in this action (Dkt # 220). A Report and Recommendation to dismiss claims 1.1 through 3.6 is pending (Dkt. # 223). This Report and Recommendation addresses claims 4.1 through 6.3.

Defendant filed the current motion for summary judgment and supporting declarations (Dkt. # 220, 221 and 222). Plaintiff has filed a number of responsive pleadings (Dkt. # 228, 229, and 230). Defendant has replied (Dkt. # 234 and 235). This matter is now ripe for review.

FACTS

The family of Jennifer Murphy, a minor female child, obtained an anti harassment order

preventing plaintiff from having any contact with her. Plaintiff repeatedly violated that order. In December of 2003, Mr. Whitmore was found guilty of three counts of violating the order. Each count is a gross misdemeanor. Plaintiff was sentenced to one year incarceration with the sentence suspended on certain conditions.

On October 30, 2004, plaintiff attended a church dance and Jennifer Murphy was present. Plaintiff sat beside her and spoke to her which violated the restraining order. An arrest warrant was issued. Plaintiff turned himself in and was arrested two days after the dance, on November 1, 2004. During this time frame plaintiff was building a home for himself and was acting as his own general contractor.

Plaintiff was housed in the Pierce County Jail. On November 12, 2004, plaintiff was sentenced to 60 days in custody with credit for 12 days served for violating the no contact order.

While in custody at the Pierce County Jail, plaintiff sent a letter to a relative of Jennifer Murphy. The letter was for Jennifer and was delivered to her. The sending of that letter was another violation of plaintiff's conditions of probation. Plaintiff had a hearing on this new violation on December 3, 2004. Mr. Whitmore plead guilty. The remaining portion of the one year sentence was imposed (Dkt. # 126 exhibits).

The remaining claims are:

4. Abuse from Unreasonable Mail Policies and Procedures.

   4.1. Unreasonable Mail Policies that Served No Legitimate Correctional Objective.

   4.2. Unreasonable Mail Policies that Effected My Ability to Protect My Finances.

   4.3. Unreasonable Mail Policies that Impaired My Access to the Courts.

   4.4. Unreasonable Mail Policies that Create an Unwarranted Monopoly by the Jail.

5. Impairment of My Access to the Courts.

   5.1. Insufficient, Late and Restrictive Legal Library Support.

   5.2 No Alternative Jail Law Clinic to Assist Me as a Civil Rights Pro Se Inmate Who Has to Operate that Way

because I'm a "Financial-in-Betweener" Who Can Neither Afford Counsel Nor is Eligible for Appointment of Counsel.

6. Denial of Internet Access.

6.1. Denial of Internet Access that Served to Impair My Access to the Courts.

6.2. Denial of Internet Access that Harmed my Professional Needs and Intellectual Properties.

6.3. Denial of Internet Access to Protect My Grievances from Mishandling and Other Abuses.

(Dkt. # 30, page 8). Defendant shows that during his deposition plaintiff withdrew claims 4.4, all of 5 and 6.2 (Dkt. # 220, Exhibit A).

STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the

preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630. (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

Jail or prison policies or practices are constitutional if they are reasonably related to legitimate penological goals. Turner v. Safley, 482 U.S. 78, 89(1987). This is true even if the regulation or practice infringes on a prisoners basic fundamental constitutional rights. To determine whether prison regulations are valid, the court must consider (1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmates; (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources; and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at de minimis costs to valid penological interests.

## DISCUSSION

A. Mail policies.

Plaintiff's complaints concerning the mail room and mail policies center around his inability to conduct financial transactions through the mail system while in jail. See, (Dkt. # 30 requests for relief 1.1 and 1.2, page 9 and 2.16). Controlling access to funds and limiting the amount of funds available in a jail relates directly to security within the facility. For plaintiff to argue he has any right to a blank check book, deposit slips, or other negotiable instruments while incarcerated is to ignore the reality of prison and jail life. Defendant avers the justification for the mail room practices are set forth in WAC 137-36-010. The purpose is to maintain safety, security, and discipline. Defendant notes that

courts have found the confiscation of banking materials constitutional as it helps prevent "gambling, bribery, and extortion among the inmate population."

Utilizing the four prong analysis set forth in Turner, the court finds defendants practice constitutional. The need to attempt to control inmate to inmate debt, gambling, bribery, and extortion is too obvious to warrant further discussion. As plaintiff notes, his financial affairs can still be addressed by his contacting a third person and giving them the ability to conduct business for the inmate. All four factors of the analysis favor the defendant.

Defendant is entitled to dismissal of all claims contained in section 4 of the second amended complaint. Defendants motion for summary judgment should be **GRANTED** as to all claims regarding mail.

B. Access to Courts.

To state a claim for denial of access to courts plaintiff must show an actual injury. Lewis v. Casey, 518 U.S. 343 (1996). Plaintiff in this case has not shown any injury. Plaintiff attempts to show injury by arguing he was unable to obtain Pierce County Local Rule 7.8 and as a result had a motion to vacate his criminal sentence denied for failure to confirm the motion (Dkt # 229). Plaintiff's argument is directly undermined by his own exhibits. Plaintiff's motion to vacate his criminal sentence was addressed by Judge Stolz under Washington States Criminal Rule 7.8 which addresses motions to vacate. Pierce County Local Rule 7.8, which deals with confirming a motion, was not at issue. Further, Judge Stolz addressed plaintiff's motion on the merits and the holding was:

> The defendant's motion for relief from judgment is denied based upon the written materials submitted. Defendant's motion fails to establish that legal criteria for granting a motion based upon CrR 7.8 and the relevant case law.

(Dkt. # 229, Enclosure 1). Thus, plaintiff was able to bring his motion and had it considered on the merits. In his motion Mr. Whitmore argued his sentence should be vacated because the state did not introduce into evidence the letter written by plaintiff to Jennifer Murphy. Plaintiff's argument completely ignores one central fact that was clearly placed before Judge Stolz. Plaintiff stipulated to committing the violation (Dkt # 229, page 20, Order revoking Suspension of Sentence and

Sentencing Defendant).

Plaintiff has failed to place before the court any instance where he could not file a complaint challenging his conviction or his conditions of confinement. Plaintiff has failed to show a denial of access to courts. Defendant's motion for summary judgment as to all claims in section 5 should be **GRANTED**.

C. Internet access.

1. Access to Court.

Plaintiff argues denial of internet access harmed his access to courts. As noted above, plaintiff has failed to show any actual injury. Denial of access to computer-based research undoubtedly had a negative impact on plaintiff's ability to research subjects, but plaintiff has failed to show he was actually prevented from filing his claims or having an issue considered on the merits because of the lack of internet access.

Further, even if denial of internet access did have an adverse impact on plaintiff, the policy would be constitutional if reasonably related to a legitimate penological goal. Turner v. Safley, 482 U.S. 78, 89(1987).

The internet is without doubt a useful tool for conducting legal research, however prison officials must consider the effect of allowing access to the internet may have in a prison setting. As defendant notes the cases cited by plaintiff do not support the proposition that an inmate should have any internet access. The cases cited by plaintiff do hold that information generated from the internet may be mailed to an inmate and should not be rejected just because it came from the internet. Canadian Coalition Against the Death Penalty v. Ryan, 269 F. Supp 2d 1199 (D. Ariz. 2003). Plaintiff has failed to show any denial of his access to courts.

2. Grievances.

The claim that internet access would protect Mr. Whitmore's grievances also fails. The United States Constitution does not mandate that prison officials allow the filing of grievances or that a prison has a grievance system. Mann v. Adams, 855 F.2d 639 (9th Cir. 1988) Plaintiff has no constitutional right to a grievance process and cannot demand or expect he have access to the

internet to protect or track his grievances. The court is not aware of any authority that there is a constitutional right to internet access. Defendant's motion for summary judgment as to all claims in section 6 should be **GRANTED**.

D. Mr. Whitmore's Cross Motion and Responsive Pleadings.

In response to defendant's motion Mr. Whitmore has filed a cross motion for summary judgment (Dkt. # 228). Plaintiff's argument regarding access to his check book was addressed above in section A dealing with mail policies (Dkt. # 228, page 1 to 6). The need to control access to funds directly relates to security and is constitutional even if it impinges on plaintiff's rights.

Plaintiff's argument regarding internet access is based on access to court and his use of the grievance system (Dkt. # 228, pages 6 to 12). Plaintiff shows no actual injury with regard to access to courts. He has no constitutional right to a grievance system. The defendant is entitled to dismissal of this action. Plaintiff's cross claim for summary judgment should be **DENIED.** This action should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 17, 2007**, as noted in the caption.

DATED this 23 day of July, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge